(No. 83-CV-0470-)

*In re* APPLICATION OF EILEEN CARMODY.

*Opinion filed December 27, 1983.*

EILEEN CARMODY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This claim arises out of an incident that occurred on

January 16, 1982. Eileen Carmody, mother of the deceased victim, Andrew Carmody, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased son, age 28, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: voluntary manslaughter (Ill. Rev. Stat. 1979, ch. 38, par. 9—2).

2. That on January 16, 1982, the victim was fatally shot in the abdomen during a dispute with his landlord. The incident occurred in the offender's apartment at 3956 West Dakin, Chicago, Illinois. Police investigation revealed that the victim was complaining about the lack of hot water in his apartment when the offender shot him in the stomach. The victim was taken to Swedish Covenant Hospital where he expired during surgery for his injuries. The offender was apprehended, charged with murder and convicted of voluntary manslaughter.

3. That the Claimant seeks compensation under the Act for funeral expenses, medical/hospital expenses and for loss of support.

4. That the Claimant alleges that she was partially dependent upon her son for support. However, she has not submitted any documentation to substantiate depen-

dency and, therefore, she has not established eligibility for loss of support under the Act.

5. That according to section 10.1(c) of the Act, a person related to the victim is eligible for compensation for funeral, medical and hospital expenses for the victim provided that such expenses were paid by him.

6. That the Claimant incurred medical and hospital expenses as a result of the victim's death in the amount of $6,829.31, none of which has been paid to date. Pursuant to section 10.1(c) of the Act, these expenses cannot be considered for compensation unless they have been paid.

7. That funeral and burial expenses were paid by the Claimant in the amount of $8,689.50. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum of $2,000.00. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

8. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

9. That pursuant to section 10.1(c) of the Act, this Court must deduct $200.00 from all claims, (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

10. That the Claimant has received no reimburse-

ments as a result of the victim's death that can be counted as applicable deductions.

11. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $2,000.00 maximum award deemed compensable under the Act for funeral benefits.

It is hereby ordered that the sum of $2,000.00 (two thousand dollars) be and is hereby awarded to Eileen Carmody, mother of the deceased victim, Andrew Carmody, an innocent victim of a violent crime.